**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

R.C. Frederick Hanold, III and Rose F. Hanold, and
Carol R. Mitchell and George P. Mitchell, Jr.,
Respondents,

v.

Watson's Orchard Property Owners Association, Inc., a
South Carolina Corporation, and Pelham Farm, LLC, a
South Carolina Corporation, Legacy One, LLC, a South
Carolina Corporation, SESP LLC, a South Carolina
Corporation, an unknown Trustee of the Revocable Trust
Agreement Dated March 19,1996 established by James
B. Stephens as amended, and unknown Jay Stephens and
Mike Stephens as Co-Personal Representative of the
Estate of James B. Stephens, Defendants,

Of whom Pelham Farm, LLC, a South Carolina
Corporation, Legacy One, LLC, a South Carolina
Corporation, an unknown Trustee of the Revocable Trust
Agreement Dated March 19, 1996 established by James
B. Stephens as amended, and unknown Jay Stephens and
Mike Stephens as co-Personal Representative of the
Estate of James B. Stephens, are the Petitioners.

v.

Property Owners in Watson's Orchard Subdivision:  N.
Carter Poe, III; McNally Reeves, as Trustee of the
Residual Trust under item Five of the Last Will and
Testament of Hattie L. Reeves dated February 9, 1998;
Janet B. Yusi; Lucy S. Tiller; James G. Stephens; Rachel
P. McKaughan; Ramon J. Ashy and Jana Ashy;
Christopher D. Scalzo and Heather V. Scalzo; Erma R.
Rash, as Trustee of the Erma R. Rash Revocable Trust
dated February 12, 2010; James Edwin Conrad, as
Trustee of the James Edwin Conrad Living Trust dated

September 7, 2010; Sue Lane Conrad; Horst H. H. Eschenberg and Floride C. Eschenberg; Caryl L. Clover, as Trustee of the Caryl L. Clover Revocable Living Trust Agreement dated May 12, 1999; Mary F. Newell; Timothy M. Conroy and Elizabeth W. Conroy; Nathan Scolari; Joel Wells Norwood and Lynn Norwood; J. Lynn Shook; Juan Hernandez and Janice M. Pelletier; Scott P. Payne and Kathleen H. Payne; Joe G. Thomason and Dana L. Henry Thomason; Traci Segura; Cameron E. Smith and Joan B. Smith; Charles E. Howard and Sharon F. Howard; Penelope J. Galbraith; Meredith C. Vry; Delores B. Mitchell; Lisette M. Silva and Mary F. Colley; Ilona K. Alford and William G. Alford; George T. McLeod and Martha T. McLeod; Ronald S. Wilson and Robin E. Wilson; The Merrill J. Gildersleeve and Anore L. Novak Revocable Living Trust dated November 1, 1996; Anna Marie T. Azores and Kim O. Gococo; Ashley Westrope as Trustee of Martha Randolph Westrop Trust dated June 6, 1988; Cliff C. Jollie and Martha W. Jollie; David A. Saliny and Xiaoli Saliny; Lecia S. Franklin; Dean D. Varner and Deborah P. Varner; W. Frank Durham, Jr.; Christine M. Howard; Samuel P. Howard, Jr. and Jane H. Howard; Manfred E. Kramer and Jane J. Kramer; Mary J. Steele; James J. Barrett, III and Kimberly A. Barrett; Richard A. Herman and Patricia L. Herrman, Third Party Defendants.

Appellate Case No. 2015-001555

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Greenville County
Edward W. Miller, Circuit Court Judge

Opinion No. 27702
Heard October 20, 2016 – Filed February 15, 2017

**AFFIRMED**

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, and William D. Herlong, of The Herlong Law Firm, LLC, of Greenville, both for Petitioners.

Randall S. Hiller, of Randall S. Hiller, P.A., of Greenville, for Respondents.

**JUSTICE HEARN:** In this action to enforce restrictive covenants, we affirm the court of appeals in finding Petitioners' property was not developed into discrete lots to entitle them to voting rights under the covenants. We write now only to clarify that portion of the court of appeals' opinion that may be read to conflate the terms "developed" and "improved."

## DISCUSSION

The facts of this case are not in dispute and can be found in the court of appeals opinion, *Hanold v. Watson's Orchard Property Owners Ass'n, Inc.*, 412 S.C. 387, 772 S.E.2d 528 (Ct. App. 2015).

We agree with the court of appeals' conclusion that the term "developed" as contained in the restrictive covenants is unambiguous, and its plain and ordinary meaning connotes conversion of raw land into an area suitable for building, residential, or business purposes. *See, e.g., Sleasman v. City of Lacey*, 159 Wash.2d 639, 643, 151 P.3d 990, 992 (2007); Webster's Third New Int'l Dictionary 618 (3d ed. 1986). To the extent the court of appeals may have used the terms "developed" and "improved" interchangeably, we note the terms are not synonymous and the requirements for improved land, such as the installation of

utilities or buildings, are not necessary to meet the lower threshold of developed land. Therefore, we hold the court of appeals should have limited its inquiry to consider only evidence as it relates to "developed" lots, and any consideration of whether the property was "improved" was not pertinent.

However, we find any error in the application of the two terms did not affect the outcome of the case at hand, and we agree with the court of appeals' conclusion that Petitioners did not "develop" their property under the plain meaning of the restrictive covenants.

## CONCLUSION

Based on the foregoing, the court of appeals' opinion is affirmed.

**AFFIRMED.**

**BEATTY, C.J. and KITTREDGE, J., concur. Acting Justice Costa M. Pleicones, concurring in a separate opinion in which FEW, J., concurs.**

**ACTING JUSTICE PLEICONES**: I respectfully concur in result only, and would dismiss certiorari as improvidently granted rather than affirm as modified. In my opinion, the Court of Appeals properly construed the term "developed" in the context of the document in which it appears. *E.g., Reyhani v. Stone Creek Cove Condo. II Horizontal Prop. Regime*, 329 S.C. 206, 494 S.E.2d 465 (Ct. App. 1997). I fear that by dictating the meaning of the terms "developed" and "improved," the majority may inadvertently alter the meaning of documents, *Reyhani, supra,* or create a conflict with legislative enactments. *E.g.,* S. C. Code Ann. § 29-6-10 (2) (2007) (defining "improve" in the subchapter governing payments to contractors, subcontractors, and suppliers). Because I agree with the majority that the decision of the Court of Appeals should be affirmed, I concur in that result here.

**FEW, J., concurs.**